## FRANK D. HOVEY REALTY CORPORATION *v.* KAHAN.

1. BROKERS—CONTRACTS—CONSTRUCTION—ACCOUNTING.
   In a suit for an accounting growing out of a contract under which defendant sold the lots in a subdivision for plaintiff, where it appears that although plaintiff paid for office furniture used by defendant, it was charged to defendant and the cost thereof deducted from money owing to him by plaintiff, the court below correctly held that, in the absence of any stipulation to the contrary, defendant was the owner.

2. SAME.
   The court below rightly held, that, under the provisions of the contract, defendant was under no obligation to maintain offices, which were jointly used by plaintiff, after defendant had performed by selling out the entire subdivision.

3. SAME.
   In view of the provision in the contract that, after full payment of the purchase price of the land by plaintiff, defendant should be entitled to full payment of his commissions as fast as the money was paid in, there is no merit in plaintiff's contention that defendant was entitled only to the amount specified in the contract until the necessary improvements in the subdivision were paid for.

4. EVIDENCE—WRITTEN CONTRACT—ORAL TESTIMONY.
   Where a written contract is plain and unambiguous, parol evidence is inadmissible to explain it.

5. BROKERS—CONTRACTS—CONSTRUCTION—ACCOUNTING.
   The court below correctly found that defendant was in fault in failing to sell sufficient lots in the first six months of the contract to enable plaintiff to take advantage of a reduction in the purchase price of the land, and, therefore, one-half of the amount that would have been saved was properly charged to defendant as provided for in the contract.

Accounts and Accounting, 1 C. J. § 134; Brokers, 9 C. J. §§ 34 (Anno), 58; Evidence, 22 C. J. § 1570; 17 L. R. A. 272; 10 R. C. L. 1030; 2 R. C. L. Supp. 1142; 4 R. C. L. Supp. 687; 5 R. C. L. Supp. 583.

Cross-appeals from Wayne; Brennan (Vincent M.), J. Submitted October 22, 1926. (Docket No. 50.) Decided December 8, 1926.

Bill by the Frank D. Hovey Realty Corporation against Fritz Kahan for an injunction. Defendant filed a cross-bill for the construction of a contract and for an accounting. From the decree rendered, both parties appeal. Affirmed.

*L. B. Gardner,* for plaintiff.

*Kenneth M. Stevens,* for defendant.

McDONALD, J. This suit grows out of the following contract:

"This agreement made this 10th day of May, 1924, between the Frank D. Hovey Realty Corporation, party of the first part, and Fred Kahan, party of the second part, Witnesseth:

"Whereas said first party has purchased the following described property situate in the township of Ecorse, Wayne county, Michigan, to wit: All of the Allen Park Realty Company subdivision of lot 4 of the plat of the east part of private claim 35, which property it desired the said party of the second part to sell for it, and said second party has agreed to act as its exclusive agent in the sale of lots comprising said subdivision.

"Now, therefore, it is agreed that said second party shall have the exclusive agency for the sale of said property, and that said party of the first part shall pay to said second party a commission of thirty-five per cent. (35%) of the selling price of said lots, which commission said second party agrees to accept in full payment and satisfaction of his services and commissions in making sales whether by himself or through subagents, and it shall include also all expenses incurred in the furnishing and rent of offices, which at present shall be at suite 501 to 503 Majestic building in the city of Detroit, all of which expenses shall be borne by said second party, and if at any time they, or any part of such expenses shall be paid by first

party, all such expenses so paid shall be deducted from the commissions payable to said second party.

"Said second party further agrees that he shall sell so that there shall be collected from sales made by him sufficient to pay the balance payable by first party of the purchase price of said land exclusive of the first payment of fifteen thousand ($15,000) dollars, and the mortgage which it is intended shall be placed upon said property, to wit, $15,000, subject to which said first party purchased said property.

"It is further agreed that in case said second party shall fail to sell sufficient of said lots so that the moneys received from such sales shall be sufficient to pay the balance of said purchase price payable by first party, to wit: Eighty-eight thousand dollars ($88,000) within six months from the date hereof, and said first party in consequence thereof shall be required to pay one hundred thousand dollars ($100,000) instead of eighty-eight thousand dollars ($88,000) for said property, said second party in that event shall stand and pay out of his commission six thousand dollars ($6,000) of such excess.

"It is further agreed that said second party shall sell all of said lots within 12 months from the date hereof, and on his failure so to do, said first party may elect to cancel this contract so far as future sales are concerned at any time after 12 months from this date.

"Said second party shall be entitled to draw from commissions earned and paid out of sales by purchasers the sum of three hundred dollars ($300) per month as well as the current expenses of conducting said office, approximately three hundred dollars ($300) per month, and after the full payment of the purchase price of said land, said second party shall be entitled to draw his commission earned as fast as moneys shall be paid into the company from the contracts or sales of said lots.

"In witness whereof the parties hereto have executed this instrument the day and year first aforesaid.

        "FRANK D. HOVEY REALTY CORPORATION,
            "By FRANK D. HOVEY,
                "President.
            "ROBERT L. LAWRENCE,
                "Sec'y and Treas.
            "F. KAHAN."

The defendant performed his part of the contract by selling all of the lots within the time and upon the terms specified.    After the contract was completed trouble arose between the parties over matters which are of no particular interest here.    Most of the questions presented by the record involve an interpretation of certain provisions of the contract.    It is the claim of the plaintiff that, correctly interpreted, the contract requires the defendant to pay the office rent and the operating expenses thereof for a period of five years; that the office furniture belongs to the plaintiff; and that the defendant is not entitled to draw any greater sum on his commissions than the $300 per month stipulated in the contract until the purchase price of the subdivision and the necessary improvements thereon are fully paid.

The only question not controlled by a construction of the contract relates to that provision which provides that if sufficient money is not received from the sale of lots during the first six months of the contract to pay a certain amount on the purchase price of the subdivision, there shall be deducted $6,000 from the defendant's commissions.    The defendant failed to sell the requisite number of lots in the time specified, and therefore he was charged with the $6,000 on the plaintiff's books.    It is his contention that he should not be required to pay the $6,000 because he was prevented from making the necessary sales by the failure of the plaintiff to furnish abstracts.    On the hearing the court found against the claims of the plaintiff, except as to the $6,000 charge.    From the decree entered both parties have appealed.

There should be little difficulty in determining the ownership of the office furniture and equipment. While it appears that they were purchased by the plaintiff, their cost was charged to the defendant and deducted from his commissions.    In the absence of

any stipulation to the contrary, they must be held to be the property of the party who paid for them. We find no such stipulation. The circuit judge correctly held that they belong to the defendant.

It was provided that the defendant should pay the rent and operating expenses of the office, which was jointly used by the parties in carrying out the contract. The defendant contends that he should not be required to pay rent and office expenses after he had fully performed on his part by selling all of the lots. This he did within the year specified. The lots were all sold on five-year land contracts. The plaintiff makes the collections and it is its claim that the contract requires the defendant to maintain the offices until the collections are all made, or at least for five years. We think that the plaintiff had the correct conception of this provision of the contract when it filed its bill. It was there stated that, having sold all of the lots, the defendant's right to occupy the offices with the plaintiff had ceased; and a part of the relief prayed for was that he should be required to surrender his key and keep away from the offices, except when it was necessary to call for his commissions. As we read the contract, the defendant was under no obligation to maintain the offices after he had fully performed by selling the entire subdivision. The circuit judge rightly so held.

The plaintiff's contention that the defendant is not entitled to his commissions, except the $300 per month specified in the contract, until the necessary improvements in the subdivision have been made and paid for, is inconsistent with the express language of the contract, which says that, "After the full payment of the purchase price of said land, said second party shall be entitled to draw his commission earned as fast as moneys shall be paid into the company from the contracts or sales of said lots."

In his brief, counsel for the plaintiff says:

"If the court cannot construe the contract in harmony with plaintiff's contention, the next question is: Is parol evidence admissible to explain or supplant any of the provisions?"

When this question was presented to the circuit judge he refused to receive the parol evidence which the plaintiff offered. He was right in so ruling. The contract is plain and unambiguous, and, when it was reduced to writing, it superseded all preliminary conversations and oral understandings.

The defendant complains that the court was wrong in deducting $6,000 from his commission because he did not sell sufficient lots during the first six months of the contract to enable the plaintiff to take advantage of a $12,000 reduction in the purchase price of the subdivision. As we have before stated the defendant claims that he was prevented from making the sales because the plaintiff was unable to furnish abstracts and deeds to the property sold. The record does not bear out the defendant's claim. On the contrary, it shows that only two lots were sold for cash during the first six months, and that the plaintiff's inability to meet the agreed payment was due to the failure of the defendant to sell enough of the lots for that purpose. We agree with the circuit judge that the defendant should be charged with the $6,000. The circuit judge fairly and equitably disposed of the issue.

The decree is affirmed, without costs.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.